NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE:  SAUL ELBAUM,**
*Appellant*

---

2021-1719

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 15/948,447.

---

Decided:  September 2, 2021

---

SAUL ELBAUM, Potomac, MD, pro se.

MICHAEL S. FORMAN, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for appellee Andrew Hirshfeld.  Also represented by MARY L. KELLY, THOMAS W. KRAUSE, AMY J. NELSON, FARHEENA YASMEEN RASHEED.

---

Before MOORE, *Chief Judge*, NEWMAN and O'MALLEY, *Circuit Judges.*

PER CURIAM.

The Patent and Trademark Office rejected claims 48–57 of Saul Elbaum's patent application as patent ineligible under 35 U.S.C. § 101.  The Patent Trial and Appeal Board

affirmed.  Mr. Elbaum appeals.  We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).  We *affirm*.

I

Mr. Elbaum's patent application number 15/948,447 relates to selling products or services on the internet using physical retail locations.  S.A. 28.[1]  The specification describes the disclosed method as "enabling the sale of products or services which are available on the internet."  S.A. 33.  The disclosed method allows an internet seller to provide a retail store with information about products or services available on the internet.  S.A. 28–29.  The information includes a website address and a code, wherein the code is associated with that particular retail location.  S.A. 29.  A customer entering the retail store who obtains this information can then use the code to make a purchase from an internet seller via a computer.  *Id*.  The computer is comprised of a central processing unit, a main internal memory, and output/input modules.  S.A. 31.  Because the code is associated with the particular retail location, the internet seller can then pay the retail location a finder's fee.  S.A. 29–30.

Claim 48 is representative.  Generally, that claim recites a method of selling items in a walk-in store by providing information about items available for sale on the internet, enabling internet sellers to recognize when a sale is made, and then enabling the internet seller to pay the walk-in store a finder's fee for the sale:

> 48. A method of selling non-stocked items in addition to stocked items in a traditional walk-in store comprising:

---

[1]    "S.A." refers to the Supplemental Appendix filed with the Director's response brief.

a) providing the store with photos of items which are available for sale on the internet but not stocked in the store;

b) providing the store with website addresses of the sellers of the non-stocked items;

c) providing visitors to the store with discount codes associated with the non-stocked items, said discount codes applicable to purchases made directly from the sellers;

d) enabling the sellers of said non-stocked items to recognize when a purchase is made with one of said discount codes;

e) enabling the sellers of the non-stocked items to identify the walk-in store in which the non-stocked items were displayed; and

f) paying a finder's fee from each seller of a non-stocked item to the store.

## II

We review the Board's legal conclusions de novo and its factual findings for substantial evidence. *Samsung Elecs. Co. v. Elm 3DS Innovations, LLC*, 925 F.3d 1373, 1380 (Fed. Cir. 2019). Eligibility under 35 U.S.C. § 101 is a question of law, based on underlying facts. *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1166 (Fed. Cir. 2018).

We apply the Supreme Court's two-step framework to determine patent eligibility. *See Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 217 (2014). First, we determine whether the claim is directed to a "patent-ineligible concept," such as an abstract idea. *Id.* If so, we examine "the elements of the claim to determine whether it contains an 'inventive concept' sufficient to 'transform' the claimed abstract idea into a patent-eligible application." *Id.* at 221 (quoting *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 72, 79–80 (2012)). If the elements involve

"well-understood, routine, [and] conventional activity previously engaged in by researchers in the field" they do not constitute an inventive concept. *Mayo*, 566 U.S. at 72–73.

## III

The Board assessed representative claim 48 under the two-step *Alice* inquiry and held it was ineligible under § 101. At step one of the *Alice* inquiry, the Board determined that the claim recites "storing, receiving, analyzing, and processing data" by any possible means without any technological details for how to achieve the claimed results. S.A. 8; *see also* S.A. 10. The Board further determined that the claim is directed to the concept of "managing sales transaction activity," specifically the economic act of paying a finder's fee for a purchase, "which is an act ordinarily performed in the stream of commerce." S.A. 9; *see* also S.A. 10 (explaining the claim is directed to a "method of organizing human activity because managing sales activity is a commercial interaction"). The Board concluded that the claim is directed to an abstract idea, a commercial transaction that amounts to a method of organizing human activity. S.A. 11–12.[2]

At step two of the *Alice* inquiry, the Board determined that the claim elements recite purely conventional computer functions of storing, receiving, analyzing, and processing data. S.A. 15. Because the claim recites no more than the abstract idea, the Board concluded the claim lacked an inventive concept. S.A. 16.

We agree with the Board's analysis. The plain language of claim 48 recites a method for enabling an internet seller to pay a finder's fee to a retail store when a customer

---

2    Mr. Elbaum only argues the Board erred in concluding the claim is directed to an abstract idea. He concedes that the claim is not directed to any improvement in computer functionality. Appellant's Informal Br. 9.

finds the internet seller's product through advertising in the retail store. Accordingly, the claim is directed to an abstract idea, specifically a method of providing information and allowing customers to utilize that information to engage in a commercial transaction. *See Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*, 776 F.3d 1343, 1347 (Fed. Cir. 2014) ("[C]laims directed to the mere formation and manipulation of economic relations may involve an abstract idea.").

Regarding *Alice* step two, nothing in the claim recites an inventive concept to transform the abstract idea into patent-eligible application. If anything, the claim recites generic computer functions, which the specification describes are carried out by conventional computer components. S.A. 31. Mr. Elbaum argues that the claim elements of providing photos, website addresses, and discount codes motivate customers to return to traditional retail stores and that these additional elements provide an inventive concept. Appellant's Informal Br. 9. But these claim elements merely recite the abstract idea itself. *See Trading Techs. Int'l, Inc. v. IBG LLC*, 921 F.3d 1378, 1385 (Fed. Cir. 2019) ("The abstract idea itself cannot supply the inventive concept, no matter how groundbreaking the advance."). Accordingly, we agree with the Board that the claim does not include an inventive concept that would render it patent eligible. *Alice*, 573 U.S. at 223–26.

## IV

We have considered Mr. Elbaum's other arguments and find them unpersuasive. Because we agree with the Board that the claims are not patent-eligible, we *affirm*.

**AFFIRMED**

COSTS

No costs.